**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| **JACQUALYN THORPE, et al.,** ) | |
| ) | |
| **Plaintiffs,** ) | |
| ) | |
| **v.** ) | **Civil Action No. 10-2250 (ESH)** |
| ) | |
| **DISTRICT OF COLUMBIA,** ) | |
| ) | |
| **Defendant.** ) | |

## MEMORANDUM OPINION AND ORDER

Before the Court are two motions filed by the District of Columbia to dismiss the claims of two named plaintiffs, Donald Dupree and Curtis Wilkerson, for lack of jurisdiction on the ground that their claims are moot. (DC's Mot. to Dismiss the Claims of Pl. Donald Dupree as Moot, Sept. 18, 2012 ("Dupree Mot.") [ECF No. 64]; DC's Mot. to Dismiss the Claims of Pl. Curtis Wilkerson as Moot, Dec. 13, 2012 ("Wilkerson Mot.") [ECF No. 81].) The District argues that these plaintiffs' claims are moot because each has obtained the relief he sought in this lawsuit and, thus, is no longer a member of the putative class. (*See* DC Mem. in Support of Dupree Mot. at 4; DC Mem. in Support of Wilkerson Mot. at 3-4).

"A case is moot when 'the challenged conduct ceases such that there is no reasonable expectation that the wrong will be repeated' in circumstances where 'it becomes impossible for the court to grant any effectual relief whatever to the prevailing party.'" *Del Monte Fresh Produce Co. v. United States*, 570 F.3d 316, 321 (D.C. Cir. 2009) (quoting *United States v. Philip Morris USA, Inc.*, 566 F.3d 1095, 1135 (D.C. Cir. 2009)); *see also Amer. Bar Ass'n v. F.T.C.*, 636 F.3d 641, 645-46 (D.C. Cir. 2011) ("The mootness doctrine, deriving from Article III, limits federal courts to deciding actual, ongoing controversies. Even where litigation poses a

live controversy when filed, the doctrine requires a federal court to refrain from deciding it if events have so transpired that the decision will neither presently affect the parties' rights nor have a more-than-speculative chance of affecting them in the future.")

It is undisputed that both Dupree and Wilkerson have recently moved out of nursing facilities and presently are receiving care in the least restrictive setting appropriate to their needs.[1] Nonetheless, there are exceptions to the mootness doctrine that apply to this case. First, "a plaintiff's challenge will not be moot where it seeks declaratory relief as to an ongoing policy." *Del Monte Fresh Produce*, 570 F.3d at 321. That is precisely the type of relief, indeed the only relief, that plaintiffs seek.[2] Second, for class actions prior to a ruling on class certification when the "claims are live when filed but moot before the adjudication of the class certification motion," courts have recognized an "inherently transitory" exception to mootness where "the population of the claimant population is fluid, but the population as a whole retains a continuing live claim." Newberg on Class Actions §§ 2:11, 2:13; *see Sosna v. Iowa*, 419 U.S. 393, 402 n.11 (1975) ("There may be cases in which the controversy involving the named plaintiffs is such that it becomes moot as to them before the district court can reasonably be expected to rule on a certification motion. In such instances, whether the certification can be said to 'relate back' to the filing of the complaint may depend upon the circumstances of the particular case and especially the reality of the claim that otherwise the issue would evade review."); *see also County of Riverside v. McLaughlin*, 500 U.S. 44, 51–52 (1991) ("That the class was not certified until after the named plaintiffs' claims had become moot does not deprive

---

[1] Dupree was discharged from a nursing facility in September 2012 and presently resides in an assisted living facility. Wilkerson was discharged from a nursing facility in October 2012 and presently resides in a private apartment.

[2] At the hearing on January 7, 2013, plaintiffs confirmed that the only relief they were seeking was systemic declaratory and injunctive relief.

us of jurisdiction" because "[s]ome claims are so inherently transitory that the trial court will not have even enough time to rule on a motion for class certification before the proposed representative's individual interest expires" and "in such cases, the 'relation back' doctrine is properly invoked to preserve the merits of the case for judicial resolution."); *Gerstein v. Pugh*, 420 U.S. 103, 110 n.11 (1975) (same).  Given the facts this case, the "inherently transitory" exception applies.  The length of any individual's stay in a nursing facility is impossible to predict, so even though there are certainly individuals whose claims will not expire within the time it would take to litigate their claims, there is no way for plaintiffs to ensure that the Named Plaintiffs will be those individuals.  *See, e.g.*, *Olson v. Brown*, 594 F.3d 577, 582 (7th Cir. 2010), *cert. denied*, 130 S. Ct. 3478 (2010) ("While the ultimate length of confinement does affect the applicability of the 'inherently transitory' exception, the essence of the exception is uncertainty about whether a claim will remain alive for any given plaintiff long enough for a district court to certify the class.")

As exceptions to the mootness doctrine apply, the Court concludes that the fact that Dupree and Wilkerson no longer reside in nursing facilities does not render their claims moot.[3]

**ORDERED** that the District's motion to dismiss the claims of plaintiff Dupree as moot [ECF No. 64] and the District's motion to dismiss the claims of plaintiff Wilkerson as moot [ECF No. 81] are **DENIED**.

_____/s/_____
ELLEN SEGAL HUVELLE
United States District Judge

Date:   January 9, 2013

---

[3] The Court reserves the right to consider whether there may other reasons to exclude Dupree or Wilkerson as class members depending on the ultimate resolution of the definition of any class that may be certified.